**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Acosta Yesenia Bolanos, | No. CV-25-01622-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| YXY Express Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Defendants Zhuoxian Cao and Jane Doe Cao's (collectively, the "Caos") Motion to Set Aside Default Judgment. (Doc. 40). Because the parties are familiar with the procedural history of this case, the Court will not recount it here but incorporates its description of those facts from its order denying the Caos' Motion to be Excluded from Case. (Doc. 38). After the Court denied the Caos' Motion to be Excluded, the Caos filed the instant motion, asserting the same grounds for relief (*compare* Doc. 34, *with* Doc. 40) and asking the Court to set aside the default judgment against them on January 13, 2026 (Doc. 27) and judgment on attorney's fees entered on March 18, 2026 (Doc. 37). For the reasons discussed below, the Caos' motion is denied.

Under Federal Rule of Civil Procedure 55(c), "the [C]ourt may set aside a final default judgment under Rule 60(b)." Rule 60(b), in turn, allows the Court to grant relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." When a party moves to set aside default for excusable neglect, the Court considers three factors, often referred to as the *Falk* factors: "(1) whether the plaintiff will be prejudiced, (2)

whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).  The analysis of these factors is "at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission." *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)).

Because decisions on the merits are heavily favored over default judgments, "appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).  Nonetheless, the moving party "bears the burden of demonstrating that these [*Falk*] factors favor vacating the judgment."  *Id.*  Further, "[a] district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability." *Brandt*, 653 F.3d 1112.

Here, the Court finds—as it has previously found—that the Caos were culpable in the conduct leading to the default.[1]  The essence of the Caos' culpability argument is that they "failed to respond to the Complaint because the other parties in the matter told [Zhuoxian Cao] that he did not need to respond.  Both YXY and counsel for Plaintiff told [Zhuoxian Cao] not to worry about responding." (Doc. 47 at 1).  Despite what the other parties told the Caos about their obligations in this case, the Caos received proper service of Plaintiff's Complaint and a summons that clearly stated that they needed to respond. (Doc. 4 at 7, 9; Docs. 8, 18).  Throughout the proceedings, they were also served with the Plaintiff's applications for Entry of Default against them (Doc. 12 at 2; Doc. 21 at 21), Motion for Default Judgment against them (Doc. 24 at 13), and Motion for Attorney Fees and Cost (Doc. 28 at 19).  The Caos make no assertion that they did not receive service of these documents or that they did not have knowledge that Plaintiff was proceeding with

---

[1] Because the Court finds the Caos' culpability as sufficient grounds to deny their requested relief, it does not address the other *Falk* factors.  *Brandt*, 653 F.3d 1112.

- 2 -

her case against them.  (*See* Doc. 40 at 1-2).  Instead, they assert only that they ignored the proceedings "because the other parties in the matter told [Zhuoxian Cao] that he did not need to respond."  (Doc. 47 at 1; *see* Doc. 40 at 1-2).

If a defendant receives actual notice of an action and intentionally fails to answer, they are culpable in the conduct leading to the default.  *TCI*, 244 F.3d at 697 (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)).  In the context of Rule 60(b), "intentional" means to act willfully, deliberately, or in bad faith.  *Id.* (quoting *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)).  Here, the Caos willfully ignored Plaintiff's complaint and subsequent filings in this case in blind reliance on representations from the other parties, despite consistent notices from the Court and Plaintiff that proceedings against them were ongoing.  While the Caos did not act deviously or in bad faith, they repeatedly ignored the action over a period of months with no understandable reasons for doing so and make no assertion that they attempted to consult with the other parties again as the case progressed.  Blind reliance on the other parties' assessment of their obligations when Zhuoxian Cao was first served may have been excusable initially, but as the case progressed, the language in the summons and repeated service of motions by Plaintiff clearly demonstrated the consequences of default and Plaintiff's prosecution of the action.  As time passed, the Caos' willful ignorance of the action made them culpable and inexcusably neglectful.

Accordingly,

**IT IS ORDERED** that Defendants Zhuoxian Cao and Jane Doe Cao's Motion to Set Aside Default Judgment (Doc. 40) is **DENIED.**

Dated this 12th day of June, 2026.

_____
G. Murray Snow
Senior United States District Judge

- 3 -